Case 2:15-cv-00514   Document 181   Filed in TXSD on 03/14/17   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
March 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRIENDS OF LYDIA ANN CHANNEL, | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:15-CV-0514 |
| v. | § § | |
| U.S. ARMY CORPS OF ENGINEERS, and | § § § | |
| LT. GEN. TODD T. SEMONITE, in his official capacity, Commanding General and Chief of Engineers, U.S. Army Corps of Engineers, and | § § § § § | |
| COL. LARS N. ZETTERSTROM, in his official capacity, District Engineer and Commanding Officer, Galveston District, U.S. Army Corps of Engineers, and | § § § § § | |
| KIM MCLAUGHLIN, in her official capacity, Chief Regulatory Division, Galveston District, U.S. Army Corps of Engineers, | § § § § § | |
| *Defendants,* | § § | |
| v. | § § | |
| LYDIA ANN CHANNEL MOORINGS, LLC, *Intervenor.* | § § § § § § | |

## **ORDER**

On March 14, 2017, Lydia Ann Channel Moorings, LLC ("LACM") filed an Emergency Motion to Stay Preliminary Injunction. (D.E. 179). For the reasons stated herein, LACM's motion is **DENIED**.

1 / 3

The Court found Plaintiff established all four factors required for a preliminary injunction. (D.E. 177); *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). LACM argues it can mitigate the effects of barge traffic on cold-stunned turtles by patrolling the area in a small boat. (D.E. 179, Page 5 and D.E. 122, Page 203 Lines 12-17). The Lydia Ann Channel is five miles long and approximately fifteen hundred (1500) feet wide at its most narrow point. (D.E. 122, Page 212 Lines 16-24 and Administrative Record ("AR") 100). LACM's facility spans eight thousand (8,000) feet of the channel and LACM indicated it would cover an additional one thousand (1,000) foot zone beyond that. (D.E. 122, Page 203 Lines 19-22). LACM stated it would use a "17 foot Osprey with a 50 horse Honda motor" that could go up to thirty-five miles per hour to conduct patrols. (D.E. 122, Page 204 Lines 1-5). Based on the size of the area and the method of patrol, the Court finds LACM's representation that it could prevent "take" events due to cold-stunning is not plausible.

LACM is operating a large scale fleeting facility that moors up to two hundred (200) barges per month. (D.E. 122, Page 230 Lines 17-20). The facility covers an area that is eight thousand (8,000) feet long. (D.E. 122, Page 212 Lines 17-18). Numerous endangered species are located in this environmentally sensitive area including the Kemp's Ridley and Green Sea Turtles. Currently, LACM is operating with its lease in default and no permit from the United States Army Corps of Engineers ("USACE"). (D.E. 61-1 and D.E. 122, Page 25 Line 11-Page 36 Line 2). Further, there has been no indication the USACE has conducted or received any environmental impact studies related to the facility. LACM's position appears to be that because it is already there

without a permit it should be allowed to remain. However, this facility should not be allowed to continue operating in an environmentally sensitive area simply because it is already there. *See Columbia Basin Land Prot. Ass'n v. Schlesinger*, 643 F.2d 585, 591 n. 1 (9th Cir. 1981); *Sierra Club v. U.S. Army Corps of Eng'rs*, 803 F.3d 31, 44 (D.C. Cir. 2015). Therefore, LACM's Emergency Motion to Stay Preliminary Injunction (D.E. 179) is **DENIED**.

SIGNED and ORDERED this 14th day of March, 2017.

_____
Janis Graham Jack
Senior United States District Judge